IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

Nos. 21-2659 & 21-2677

Criminal

_____

UNITED STATES OF AMERICA,

Appellee,

v.

AUGUSTUS QUINTRELL LIGHT,

Appellant.

_____

Appeal from the United States District Court

for the District of Minnesota

_____

APPELLANT'S BRIEF FILED PURSUANT TO
*ANDERS v. CALIFORNIA*, 386 U.S. 738 (1967)

_____

Steven J. Wright
Atty. Reg. No. 387336
331 Second Avenue South
Suite 705
Minneapolis, MN 55401
(612) 669-8280

Attorney for Appellant

**SUMMARY OF THE CASE AND
WAIVER OF ORAL ARGUMENT**

Mr. Light entered into a global plea agreement where he agreed to plead guilty to one count of possession of methamphetamine with intent to distribute and simultaneously agreed to admit a supervised-release violation. The agreement specified that Mr. Light would be waiving his right to appeal his sentence if he was sentenced to: 1) no more than 120 months on the new charge; and 2) no more than 18 months consecutive on the supervised-release violation. The district court imposed a sentence of 120 months on the new charge and a consecutive sentence of 18 months on the supervised-release violation.

Counsel has reviewed the record and has not found any good-faith argument that the appeal waiver should not be enforced. Counsel is therefore moving to withdraw, and this brief will refer to anything in the record that might arguably support the appeal. *Anders v. California*, 386 U.S. 738, 744 (1967).

# TABLE OF CONTENTS

Summary of the Case and Waiver of Oral Argument . . . . .     i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     iii

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . .     v

Statement of the Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     vi

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . .     6

Argument

    THE DISTRICT COURT IMPOSED A SENTENCE
    THAT WAS SUBSTANTIVELY UNREASONABLE . . . . . . . . . . . . . .     7

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     15

Certificate of Compliance with
Fed.R.App.P. 32(a) and 8th Cir.R.28A(h)

Certificate of Electronic Service

# TABLE OF AUTHORITIES

*Federal Cases* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page(s)

*Anders v. California*, 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . i, 6, 15

*Dean v. United States*, 137 S.Ct. 1170 (2017) . . . . . . . . . . . . . . . 13–14

*Gall v. United States*, 552 U.S. 38, 51 (2007) . . . . . . . . . . . . . . . . 13–14

*Penson v. Ohio*, 488 U.S. 75 (1988) . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Andis*, 333 F.3d 886 (8th Cir. 2003) . . . . . . . . . . 7–8, 11

*United States v. Benitez-Diaz*, 337 F.3d 1080 (8th Cir. 2003) . . . . 12

*United States v. Corrigan*, No. 20-1682 (8th Cir. July 27, 2021) . . 13

*United States v. Dominguez Benitez*, 542 U.S. 74 (2004) . . . . . . 10

*United States v. Foy*, 617 F.3d 1029 (8th Cir. 2010) . . . . . . . . . . 10

*United States v. Gray*, 581 F.3d 749 (8th Cir. 2009) . . . . . . . . . . 9–10

*United States v. Harlan*, 815 F.3d 1100 (8th Cir. 2016) . . . . . . . . 7

*United States v. Haubrich*, 744 F.3d 554 (8th Cir. 2014) . . . . . . 10

*United States v. Hughes*, 330 F.3d 1068 (8th Cir. 2003) . . . . . . . 12, 13

*United States v. Miller*, 557 F.3d 919 (8th Cir. 2009) . . . . . . . . . 7

*United States v. Miner*, 544 F.3d 930 (8th Cir.2008) . . . . . . . . . . 7

*United States v. Sisco*, 576 F.3d 791 (8th Cir. 2009) . . . . . . . . . . . 12

*United States v. Sotelo-Valdovinos*, 881 F.3d 1063 (8th Cir. 2018) . . 12

*United States v. Woods,* 270 F.3d 728 (8th Cir.2001) . . . . . . . . . . . .  12

<u>Statutes</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  <u>Page(s)</u>

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v

18 U.S.C. § 3742 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 2

21 U.S.C. § 841 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v, 11

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v

28 U.S.C. § 2255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

<u>Court Rules</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  <u>Page(s)</u>

Fed.R.App.P. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v

Fed.R.Crim.P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 9–10

Fed.R.Crim.P. 52 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

# JURISDICTIONAL STATEMENT

District court jurisdiction was based on 18 U.S.C. § 3231, because Mr. Light was charged with an offense against the laws of the United States. He pleaded guilty to possession of methamphetamine with intent to distribute, a violation of 21 U.S.C. § 841(a) and (b)(1)(A), on May 6, 2021. (*See* 2003 Dist.Ct.Doc. 245; 2020 Dist.Ct.Doc. 95 (Addendum at A–1).) On that same date, Mr. Light admitted a supervised-release violation, which became final when he was sentenced in both matters on July 14, 2021. (*See* 2003 Dist.Ct.Doc. 245, 252 (Addendum at A–12); 2020 Dist.Ct.Doc. 109 (Addendum at A–16).)

Counsel for Mr. Light filed a notice of appeal in both matters on July 26, 2021 (*see* 2020 Dist.Ct.Doc. 112; 2003 Dist.Ct.Doc. 253), which was timely under Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. This Court's jurisdiction is based on 28 U.S.C. § 1291, which grants the courts of appeals jurisdiction over appeals from final judgments of a U.S. District Court.

# STATEMENT OF THE ISSUE

DID THE DISTRICT COURT IMPOSE A SENTENCE
THAT WAS SUBSTANTIVELY UNREASONABLE?

*Gall v. United States*, 552 U.S. 38 (2007)
*United States v. Haubrich*, 744 F.3d 554 (8th Cir. 2014)
*United States v. Andis*, 333 F.3d 886 (8th Cir. 2003)

# STATEMENT OF THE CASE

While on supervised release for a 2003 federal conviction, Mr. Light was arrested and charged with two counts of possessing methamphetamine with intent to distribute and one count of being a felon in possession of ammunition. He was also alleged to have violated the terms of his supervised-release based on, among other things, a felony charge of fleeing police in a motor vehicle.

During the pretrial-motions stage of the proceedings, Mr. Light elected to represent himself. (*See* Motion Pursuant to Fed. R. Crim. P. 47(a), for Waiver of Counsel with Supporting Memorandum of Law, and Affidavit, 2020 Dist.Ct.Doc. 27; Pro Se Letter to District Judge, 2020 Dist.Ct.Doc. 44.) Mr. Light's then-attorney filed a motion to withdraw. (*See* 2020 Dist.Ct.Doc. 43.) After a *Faretta* hearing, Mr. Light's attorney was discharged and he was permitted to proceed pro se. (*See* Order, 2020 Dist.Ct.Doc. 46, at 3.) Undersigned counsel was then appointed as standby counsel. (*See* 2020 Dist.Ct.Doc. 54.)

Prior to trial, Mr. Light entered into a global plea agreement resolving the new charges and the supervised-release violation. (*See* Global Plea Agreement and Sentencing Stipulations, 2003 Dist.Ct.Doc. 245 and 2020

Dist.Ct.Doc. 95; Addendum at A–1.) Mr. Light pleaded guilty to one count

of possessing methamphetamine, with the other counts dismissed, and he

also admitted the supervised-release violation.

Under the terms of the global plea agreement, Mr. Light waived his

right to appeal under certain conditions:

> **13. Waiver of Appeal and Collateral Attack.** Defendant
> understands that by pleading guilty, he waives all rights to a
> trial or appeal on the question of guilt or innocence. Defendant
> understands that 18 U.S.C. § 3742 affords Defendant the right to
> appeal the sentence imposed in his cases. Acknowledging this
> right, and in exchange for the concessions made by the United
> States, Defendant hereby waives all rights conferred by 18
> U.S.C. § 3742 to appeal his sentences as follows. First, in
> case 20-cr-147, Defendant waives his right to appeal unless the
> sentence he receives is more than 120 months of imprisonment.
> Second, in case 03-cr-298, Defendant waives his right to appeal
> unless the sentence he receives is more than 18 months of
> imprisonment <u>and</u> that sentence is run entirely consecutive to
> his sentence in case 20-cr-147.

(*Id.* at 9–10.)

This provision of the plea agreement was discussed at the plea hearing

by both the government and by the district court, although in different

ways. First, the government went over the paragraphs in the plea

agreement, including the appeal waiver. (*See* COP T. 8–16.) Then the

district court asked Mr. Light if he understood the plea agreement in its

entirety, which Mr. Light agreed that he did. (*See* COP T. 17.) The district court then conducted the inquiry required by Rule 11(b)(1) of the Federal Rules of Criminal Procedure. (*See* COP T. 17–23.)

The district court did not adhere perfectly to the requirements of that rule. Mr. Light was not advised or asked if he understood that the government could use his statements in a prosecution for perjury. *See* Fed.R.Crim.P. 11(b)(1)(A). Nor was he asked if he understood that he was facing a forfeiture and that the Court had the power to order restitution. *See* Fed.R.Crim.P. 11(b)(1)(J & K).

In asking if Mr. Light understood that he was conditionally waiving his right to appeal, the district court misstated the terms of the agreement:

> [T]here is a slight right to appeal. It has to do with this sentencing guidelines business. If I were to sentence above the guidelines without giving a reason or something like that, if I were to make a mistake in the guidelines, you could appeal, but it's an extremely limited right. Do you understand that?

(COP T. 21.) Mr. Light was not advised by the district court that he was also conditionally waiving his right to collaterally attack his sentence. *See* Fed.R.Crim.P. 11(b)(1)(N). The district court asked Mr. Light generally if he understood the rights he was waiving, and he said that he did. (*See* COP T. 22.)

At sentencing, the district court found the advisory guideline range to be 130–162 months, based on a total offense level of 27 and Criminal History Category VI. (*See* Sent. T. 2.) Mr. Light and the government argued for the agreed-upon sentence of 120 months on the new case and 18 months on the supervised-release violation. Mr. Light asked the district court to impose those 18 months as a concurrent sentence, while the government requested consecutive sentencing. (*See id*. at 8, 18–19.)

Defense counsel argued that concurrent sentencing was appropriate given Mr. Light's significant issues with his mental and physical health, the hardships he endured while in county jail during the pandemic lockdowns, and the unjust sentencing disparity between methamphetamine mixtures and "actual" methamphetamine. (*See* Defendant's Position on Sentencing, 2020 Dist.Ct.Doc. 104.) Because those factors would not permit the district court to sentence Mr. Light to less than 120 months, given the mandatory minimum, he argued that they should be taken into account when considering whether the supervised-release sentence should be consecutive or concurrent. Specific to the supervised-release sentence, Mr. Light argued that he had overserved his underlying prison sentence because his Armed Career Criminal Act sentence had been vacated and his sentence reduced

to the otherwise-applicable 120-month maximum after he had served more than ten years in prison. (*See id*. at 9–10.) Given those mitigating factors, defense counsel argued that consecutive sentencing was unwarranted. (*See id*. at 14.)

The district court, after considering the arguments of both sides, imposed a sentence of 120 months in Case 20-147, with 18 months in Case 03-298, with the sentences to be consecutive. (*See* Sent. T. at 23.)

Mr. Light now appeals his sentence in both matters.

## SUMMARY OF THE ARGUMENT

The district court erred by imposing a substantively unreasonable sentence. In light of the compelling mitigation evidence, a sentence of 138 months was an abuse of discretion.

As this brief is submitted pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), it will seek to identify anything in the record that might arguably support the appeal.

# ARGUMENT

## THE DISTRICT COURT IMPOSED A SENTENCE
## THAT WAS SUBSTANTIVELY UNREASONABLE.

This Court reviews the substantive reasonableness of sentences under an abuse-of-discretion standard. *See United States v. Harlan*, 815 F.3d 1100, 1107 (8th Cir. 2016) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir.2008). A supervised-release sentence is reviewed under the same standards as an initial sentencing decision. *See United States v. Miller*, 557 F.3d 919, 922 (8th Cir. 2009).

Before Mr. Light may challenge the reasonableness of his sentence, however, he must first show that the appeal waiver contained in his plea agreement should not be enforced. The Eighth Circuit has held that appeal waivers are generally enforceable, but "such a waiver is subject to certain

limitations." *United States v. Andis,* 333 F.3d 886, 888 (8th Cir. 2003), *cert. denied,* 540 U.S. 997, 124 S.Ct. 501 (2003). *Andis* went on to explain:

> When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily. Even when these conditions are met, however, we will not enforce a waiver where to do so would result in a miscarriage of justice.

*Id.* at 889-890. "One important way a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement and waive the right to appeal." *Id.* at 890-91. That did not occur here.

At his change of plea, Mr. Light acknowledged reviewing and signing the plea agreement, which contained an appeal waiver for any sentence of 120 months on Case 20-147 and any sentence up to 18 months consecutive on Case 03-298. The government summarized the plea agreement, including the appeal waiver. The district court asked Mr. Light if he had gone over all paragraphs of the plea agreement and understood them, and Mr. Light said he had.

But in conducting the required Rule 11(b)(1) inquiry, the district court failed to advise Mr. Light that he faced potential perjury charges, forfeiture, and possible restitution, as required by Rule 11(b)(1)(A, J, and K). And although the district court advised Mr. Light generally that there was an appeal waiver, the district court did not accurately describe the terms of that waiver, and further did not explain that Mr. Light was also waiving his rights to collateral attack, as required by Rule 11(b)(1)(N). Instead, the district court told Mr. Light:

> [T]here is a slight right to appeal. It has to do with this sentencing guidelines business. If I were to sentence above the guidelines without giving a reason or something like that, if I were to make a mistake in the guidelines, you could appeal, but it's an extremely limited right. Do you understand that?

(COP T. 21.) This summary failed to accurately summarize the appeal waiver, and it did nothing to advise Mr. Light that he was also waiving his right to post-conviction review.

Rule 11 specifies that a "variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed.R.Crim.P. 11(h). Rule 11 violations may be harmless "where the defendant was aware, or could have been made aware, of the omitted information through other means, *e.g.*, a plea agreement containing the information the court omitted

during the plea hearing." *United States v. Gray*, 581 F.3d 749, 754 (8th Cir. 2009) (per curiam).

But because Mr. Light did not object to any Rule 11 errors at the district court, he has the burden to show plain error under Rule 52(b). *See United States v. Haubrich*, 744 F.3d 554, 558 (8th Cir. 2014). Showing plain error requires an appellant to show (1) an error that (2) was plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id*. (citation omitted). "A Rule 11 error affects substantial rights only where the defendant shows a reasonable probability that but for the error, he would not have entered a guilty plea." *Id*. (citing *United States v. Dominguez Benitez,* 542 U.S. 74, 82 (2004)). "Even if he establishes such a probability, relief is discretionary, and the court should not exercise that discretion unless the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Foy*, 617 F.3d 1029, 1034 (8th Cir. 2010) (cleaned up).

The most serious error here was the failure to properly advise Mr. Light about the conditional waiver of his rights to appeal and collateral attack. Mr. Light was acting as his own attorney, and so the district court had a heightened duty to ensure that Mr. Light understood the terms of the plea

agreement. The waiver was spelled out in the plea agreement and accurately summarized by the government, but Rule 11(b)(1) tasks the district court with making sure that the defendant understands the waiver. That did not occur here, which amounts to plain error. The waiver cannot be said to have been entered into knowingly under these circumstances, where the most important aspect of the plea agreement was misstated by the district court. Mr. Light's decision to appeal demonstrates the importance of his appeal rights, and so there is arguably a reasonable probability that he would not have entered a guilty plea if he had understood.

But if it is determined that this waiver was entered into knowingly and voluntarily, the Court then looks to see whether enforcement of the waiver constitutes a miscarriage of justice. Some circumstances that may constitute a miscarriage of justice include an illegal sentence, a sentence in violation of a plea agreement, a sentence based upon constitutionally impermissible factors, or a claim of ineffective assistance of counsel. *Andis,* 333 F.3d at 891.

The 138-month combined sentence imposed in this case is not illegal, because it does not exceed the statutory maximum, which in this case is life. *See* 21 U.S.C. § 841(b)(1)(A). The Eighth Circuit has repeatedly held

that, in the face of a valid appeal waiver, a sentence within the statutory range is not subject to appeal. *See Andis*, 333 F.3d at 892; *United States v. Sisco*, 576 F.3d 791 (8th Cir. 2009); *United States v. Benitez-Diaz*, 337 F.3d 1080, 1082 (8th Cir. 2003).

The sentence imposed does not violate the plea agreement, and it falls within the terms of the appeal waiver. A review of the sentencing transcript reveals no indication that the district court relied on an improper factor in sentencing Mr. Light, such as his race or religion. *See United States v. Sotelo-Valdovinos*, No. 16-4101 (8th Cir. 2018) (considering but not deciding whether constitutionally impermissible considerations at sentencing would constitute a miscarriage of justice sufficient to permit appeal in the face of a waiver). The district court heard arguments from both sides, took those arguments under advisement, and after explaining the balance between mitigating and aggravating factors, imposed a sentence within the lawful sentencing range.

As for a possible claim of ineffective assistance of counsel, it is this Court's "usual rule" that such claims are generally deferred to proceedings under 28 U.S.C. § 2255. *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003). "Except where a miscarriage of justice would obviously result or the

outcome would be inconsistent with substantial justice, ineffective assistance of counsel issues are more appropriately raised in collateral proceedings because they normally involve facts outside the original record." *United States v. Woods,* 270 F.3d 728, 730 (8th Cir. 2001) (quoted in *Hughes*, 330 F.3d at 1069).

In the absence of an enforceable appeal waiver, Mr. Light would argue that his sentence was substantively unreasonable. On the 2020 case, he received a mandatory-minimum sentence of 120 months. This Court has determined there is no live case or controversy to appeal after a defendant receives a mandatory-minimum sentence. *See*, *e.g.*, *United States v. Corrigan*, 20-1682 (8th Cir. July 27, 2021) (dismissing a guidelines-calculation appeal where no result could make the appellant's mandatory-minimum sentence any shorter).

On the supervised-release violation, the district court imposed a sentence of 18 months, consecutive to his other sentence. Where multiple sentences are being imposed simultaneously, it is proper for a sentencing court to consider whether a mandatory sentence alone results in a sufficient sentence under § 3553. *Cf. Dean v. United States*, 137 S.Ct. 1170, 1175 (2017) (holding that a sentencing court could impose a one-day sentence on the

felony underlying a mandatory thirty-year term under 18 U.S.C. § 924(c), where in the sentencing court's opinion those thirty years were a sufficient total punishment).

Here, Mr. Light presented the district court with compelling mitigating facts in the sentencing memoranda and at the hearing, arguing why the supervised-release sentence should be run concurrent. Many of these facts were echoed by the government itself. According to the government, the amount of methamphetamine involved was "modest" by federal standards. (*See* Sent. T. 10.) The government also acknowledged Mr. Light's traumatic background, noting that Mr. Light had serious issues with his mental and physical health that could be expected to improve with proper treatment. (*See id*. at 10–11.) After hearing from the government, the district court had to recognize that "it's seldom that I hear a prosecutor stand up and say as many positive things about a person as you've just heard[.]" (*Id*. at 13.) In light of these mitigating factors, running Mr. Light's supervised-release sentence consecutive was unreasonable and amounted to an abuse of discretion.

## CONCLUSION

Because there is a valid waiver of appellate rights in the signed plea agreement, and because there do not appear to be any non-frivolous arguments that the appeal waiver should not be enforced, counsel can find no good-faith basis to continue this appeal. Undersigned counsel therefore seeks leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Penson v. Ohio*, 488 U.S. 75 (1988).

Respectfully submitted,

Dated: November 2, 2021

*/s/ Steven J. Wright*
Minnesota Atty No. 387336
331 Second Avenue South
Suite 705
Minneapolis, MN 55401
Phone: (612) 217-1759

Attorney for Appellant

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

---

United States of America,

                Appellee,

v.

Augustus Quintrell Light,

                Appellant.

Appeal Nos.
21-2659 & 21-2677

**Certificate of Compliance
with Fed.R.App.P. 32(a)
and 8th Cir. R. 28A(h)**

---

I hereby certify that the Brief of Appellant contains 2,716 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), as counted by Microsoft Word, the word processing system used to generate the brief. This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B), the typeface requirements of Fed. R. App. P. 32(a)(5), and the type style requirements of Fed. R. App. P. 32(a)(6).

I further certify that the electronic version of the brief and addendum have been scanned for viruses and are virus-free to the best of my knowledge.

    Date: <u>November 2, 2021</u>

                                        */s/ Steven J. Wright*
                                        Attorney for Appellant

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

United States of America,

               Appellee,

v.

Augustus Quintrell Light,

               Appellant.

Appeal Nos.
21-2659 & 21-2677

**Certificate of Service**

I hereby certify that on Nov. 2, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I also certify that on Nov. 2, 2021, I mailed a copy of this brief to:

Augustus Q. Light
Reg. No. 11181-041
USP McCreary
PO Box 3000
Pine Knot, KY 42635

Date: <u>November 2, 2021</u>

<u>*/s/ Steven J. Wright*</u>
Attorney for Appellant